FILED
2008 Jan-08 PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

QUALITY ARCHITECTURAL METAL &    }
ROOFING, INC.,                   }
                                 }
     Plaintiff,                  }    CIVIL ACTION NO.
                                 }    07-AR-2047-S
v.                               }
                                 }
VALLEY FORGE INSURANCE           }
COMPANY, et al.,                 }
                                 }
     Defendants.                 }
```

**MEMORANDUM OPINION**

At the court's regular motion docket on December 14, 2007, the parties in the above-styled cause orally argued the question of the court's subject-matter jurisdiction. The issue had been raised *sua sponte*. With no written motion to remand, the court allowed the non-diverse defendant, Jones-Williams Construction Co. ("Jones-Williams"), to file an oral motion to remand, in which plaintiff, Quality Architectural Metal & Roofing, Inc. ("Quality Architectural") joined. One of the removing defendants, Valley Forge Insurance Co. ("Valley Forge"), subsequently filed a brief in support of the right to remove under 28 U.S.C. § 1332.

Without waiting for a motion to remand, the court raised the issue of its subject-matter jurisdiction because of the striking similarity between this case and *Andalusia Enterprises, Inc. v. Evanston Insurance Co.*, 487 F. Supp. 2d 1290 (N.D. Ala. 2007), a

1

case previously remanded by this court.  In *Andalusia*, as in this case, insurance company defendants timely removed a state court action brought against them by an Alabama insured seeking a declaration that the insurers owed it a defense and/or indemnity in connection with a separate action brought against the insured by a non-diverse third party. In that case and in this case, the non-diverse claimant in the underlying action was named as a defendant along with the diverse insurance companies.  The inclusion of all interested parties as defendants in a declaratory judgment action in Alabama is an unequivocal and absolute requirement of Ala. Code § 6-6-27.

The insurance company defendants in *Andalusia* removed the case, just as Valley Forge and its fellow insurers did here, relying upon the alleged complete diversity of citizenship required by 28 U.S.C. § 1332, and arguing that the non-diverse defendant, Jones-Williams, was fraudulently joined or is not a necessary party.  As Jones-Williams does here, the non-diverse necessary party defendant resisted realignment while seeking remand.

There are some differences between *Andalusia* and this case.  The question here is whether those differences are enough to change the outcome.  In *Andalusia*, the insured was seeking a declaration that the insurance company defendants were required to defend and/or indemnify it in connection with a counterclaim

brought against the insured in the underlying state court action. Here, plaintiff, Quality Architectural, is a third-party defendant in the underlying case wherein the plaintiff is Town & Country Properties, L.L.C. ("Town & Country"), the defendant is Jones-Williams, and Quality Architectural is a third-party defendant.  The underlying case is still pending.  Quality Architectural filed this separate declaratory action in the Circuit Court of Jefferson County, Bessemer Division, against its insurance companies seeking a declaration that they owe Quality Architectural a defense and/or indemnity against the claim of Jones-Williams.  The only significant distinction between Andalusia and this case is that unlike the insurance company defendants in *Andalusia*, Valley Forge, et al. sought realignment of Jones-Williams in their notice of removal.  The procedural defects in the *Andalusia* removal that are not present here are immaterial.  This court believes that Town & Country was a necessary party defendant in this case under Ala. Code § 6-6-27 because of the clear interest it has in the coverage question, but what to do about that will be a matter for the state court, because this court will be returning the case to that court.

Although the request for realignment in the notice of removal does constitute a slight difference between the two cases, this case is due to be remanded for the core reasons that supported the remand in *Andalusia*.  Contrary to what the current

defendants argue in their notice of removal, the non-diverse defendant, Jones-Williams, was not fraudulently joined and is not a nominal party.  This action could not have been properly brought in the state court without Jones-Williams being named a defendant.  It was not only a proper, but an indispensable party.  Here, as in *Andalusia*, the state court lineup of the parties was both proper and was mandated by Alabama law.  Furthermore, 28 U.S.C. § 1441(a) only allows the removal of a case over which the federal court would have had jurisdiction if it had been filed there.  This complaint could not have been filed originally in this court, because without Jones-Williams joining as a plaintiff, something it did not do, there would have been no complete diversity.

If this court could reach the question of realignment, it would decline to realign the parties, because to do so would not necessarily be in the interest of Jones-Williams.  This question was discussed in *Andalusia dicta*.

Although not bound by what it concluded in *Andalusia*, the court sees no reason to stray from it.  A separate order of remand will be entered.

DONE this 9th day of January, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE